
FILED
SUPERIOR COURT
OF GUAM

2025 FEB 11 PM 1:08

CLERK OF COURT

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| FIRST PACIFIC RENTALS, ) | CIVIL CASE NO. CV0102-24 |
| Plaintiff, ) | |
| vs. ) | DECISION AND ORDER |
| AUTOMOTIVE SPECIALISTS, ) | |
| Defendant. ) | |

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on January 31, 2025 at the conclusion of a bench trial beginning on January 14, 2025. Attorney Shannon Taitano represented Plaintiff. Attorney Rachel Taimanao-Ayuyu represented Defendant. The Court ruled from the bench granting judgment in favor of the Plaintiff, however staying the proceedings prior to issuance of the judgment. After having heard the Parties' arguments, considering the Parties' pleadings, evidence and the record, the Court now issues the following written Decision and Order documenting the ruling.

## BACKGROUND

The Verified Complaint for Unlawful Detainer in this matter was filed February 23, 2024. Defendant filed a Motion for Summary Judgment on June 21, 2024. Plaintiff filed an Opposition on July 19, 2024. Plaintiff filed a Motion to Enforce Settlement on August 9, 2024 whereby Defendant submitted its opposition on August 23, 2024. The various matters were be addressed at the bench trial on the merits of the case by agreement of the Parties and Court.

## DISCUSSION

### Stayed Judgment in Favor of the Plaintiff

Guam law requires a business to have a license before it can maintain a proceeding in Court. 11 GCA § 70131(b). Defendant may be entitled to summary judgment based on the lack of evidence that Plaintiff possessing an existing business license. Yet, the Court does have the option to stay the proceedings under 11 GCA § 70131(d). The Court is not opting for summary judgment based on the testimony of Mr. Ibay who testified at the bench trial that he did obtain

licensing for the business after Defendant obtained the requirements for an occupancy permit. While Mr. Ibay did not know when the license was obtained or whether a copy was ever provided to Plaintiff, he was confident a license was obtained for the property at issue on behalf of the Plaintiff. As a result, summary judgment would not be proper due to the genuine issue as to a material fact as to whether a license exists or existed at one point during the tenancy. While the Court acknowledges a license may have existed at one point, the Court does not have the legal authority to proceed with the issuance of a judgment or writ of possession in favor of the Plaintiff without proof of an active business license in relation to the property at issue.

The Court would find in favor of the Plaintiff in relation to the Complaint for Unlawful detainer if there was no issue as to the business license. Plaintiff proved that there was a signed lease that expired in February 2024. Defendant admitted at the bench trial that he missed rental payments and assumed he would be given an extension of the lease due to repairs he made on the property. Defendant further admitted that the extension of the lease was never executed and that the original lease provided that **"any improvement at tenant expense and all improvements are part of the property and owned by the landlord"**(typo omitted). Plaintiff's Exhibit 1. Defendant also acknowledged that he received notice that he would need to make payments or quit the tenancy. As a result, Defendant has been occupying the premises without approval of the Plaintiff and without making the appropriate rental payments in violation of the Lease.

Yet, the Guam Supreme Court was very clear on the issue of the business license requirment in *Taijeron v. Kim,* 1999 Guam 16. There, the Guam Supreme Court held that "if such person does not have a business license then he is foreclosed from utilizing the courts of Guam to sue for rent or evict anyone from a leased property for any breach during any period of time that the lessor or landlord did not have a business license." *Id* at ¶ 10. The laws regarding the business license requirement have become even more strict since the *Kim* decision was issued. Magistrate Judge Sison issued a Decision and Order recognizing that the legislature removed the substantial compliance exception to the business license requirement in Public Law 27-57. DNO issued August 26, 2019 in CV0421-19, *Vado v. CWC Builders.* As a result, the Court did initially

consider the potential issue of whether or not First Pacific Rentals substantially complied, but that exception is no longer available under Guam law.

The stay of proceedings will last for ninety (90) days. In that time, the Court will order Plaintiff to obtain or provide a current business license. If that is not accomplished, the matter will be dismissed without prejudice. The Court also orders Defendant not to interfere with the Plaintiff's effort to obtain a business license. If the Court does receive evidence of a current business license within 90 days, the Court will sign a Judgment in favor of the Plaintiff and a Writ of Possession if Defendant still occupies the property. No monetary award will be granted to the Plaintiff under either scenario as explained below.

**Damages**

Plaintiff did not adequately prove damages at the bench trial and the Court will not award damages to the Plaintiff. The Court will also not award attorneys fees, costs or treble damages to the Plaintiff as requested in the Complaint. The Court finds that Plaintiff failed to provide sufficient evidence about the specific damages suffered by Defendant's failure to pay rent. Plaintiff may also have been operating without a business license during part or all of the lease terms, which would further facilitate the finding of no damages. Finally, the Court will not award damages because Defendant appears to have made ample improvements to the property with the consent of Plaintiff's agent, Mr. Ibay who testified that three to six, or more, months of rent were waived. The Court was not provided with sufficiently detailed financial information that would allow the Court to make any ruling on damages in favor of the Plaintiff.

**Motion to Enforce Settlement**

As to Plaintiff's Motion to Enforce Settlement, the Court denies the motion as no agreement was executed that resolved the existing issues before the Court.[1]

/ /

_____

[1] The Court addressed a similar issue at the bench trial when Defendant claimed that there was an agreement to extend the lease but it was never executed. The Court concludes that without an executed agreement as to all terms, there was no lease extension and, in turn, there was no enforceable settlement.

## CONCLUSION

The Court, therefore, DENIES Defendant's Motion's for Summary Judgment, DENIES Plaintiff's Motion to Enforce Settlement and STAYS the proceedings until Plaintiff can provide evidence of a business license. If after ninety (90) days, the Plaintiff is unable to obtain or provide evidence of a business license, the Verified Complaint for Unlawful Detainer will be dismissed. Defendant is ordered not to interfere with Plaintiff's efforts to obtain a business license. Parties to return to Court for a status hearing on the stayed proceedings on May 14, 2025 at 9:00a.m..

So ORDERED this 11th day of February, 2025.

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM